IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ABBAS SALEHI, <br> Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | Civil Action No. __5:23-cv-1348__ |
| STATE FARM LLOYDS, <br> Defendant. | § <br> § <br> § <br> § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.      On August 31, 2023, Plaintiff Abbas Salehi filed his Original Petition in the 285th Judicial District Court of Bexar County under Cause No. 2023CI18760 and captioned *Abbas Salehi v. State Farm Lloyds*.[1]

2.      Service of suit upon State Farm's registered agent occurred on September 25, 2023 and State Farm timely answered thereafter on October 16, 2023.[2]

3.      State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

---

[1] *See* Exhibit A, Plaintiff's Original Petition at page 1.
[2] *See* Exhibit A, State Farm's Original Answer.

*Nature of the Suit*

4.        This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claim for damages allegedly caused by a storm event occurring on or about April 13, 2019, at Plaintiff's property located at 2 Chambord, San Antonio, Texas 78257.  Plaintiff asserts causes of action against State Farm for breach of contract, noncompliance with Texas Insurance Code: Unfair Settlement Practices, the Prompt Payment of Claims, and breach of duty of good faith and fair dealing.  Plaintiff seeks the cost to repair the roof, exterior, interior, and HVAC system of Plaintiff's property, to regain the benefit of the bargain, actual damages, penalties, interests per annum, compensatory damages, consequential damages, 10% per annum penalty, additional damages, pre-judgment interest, post-judgement interest, costs of court and attorneys' fees.[3]

*Basis for Removal*

5.        Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.        Upon information and belief, Plaintiff was a citizen of Texas when the Petition was filed, and Plaintiff continues to be a citizen of Texas.

7.        At the time Plaintiff's Original Petition was filed in State District Court on August 31, 2023, naming State Farm Lloyds as Defendant, and as of the date of filing this Notice, State Farm Lloyds was and is not a citizen of the State of Texas for diversity jurisdiction

---

[3] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 56-64 and § XV.

purposes.[4]  State Farm Lloyds is an association of individual underwriters.[5]  State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).  At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in Illinois[6]. Specifically, all underwriters are residents of Illinois, employed in Illinois, and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm Lloyds.  Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen.[7]

8.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Original Petition asserts "Plaintiff is seeking only monetary relief over $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties..."[8]  Additionally, Plaintiff made a pre-suit demand to State Farm for the sum of $181,541.41 in actual damages (after applying the deductible and prior payments), plus $54,084.21 in penalties and interest and $3,150 in attorneys' fees.[9] Consistent with the amount sought in the Petition, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

---

[4] *See* Exhibit B, Affidavit of Weslie Sawyer, *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")
[5] *See* Exhibit B, Affidavit of Weslie Sawyer.
[6] *Id.*
[7] *Id.*
[8] *See* Exhibit A, Plaintiff's Original Petition, ¶ 2.
[9] *See* Exhibit C, Plaintiff's' demand letter.

9.      In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[10] Here, Plaintiff claims severe weather caused damage to his property that Plaintiff insured through State Farm.[11] Plaintiff seeks damages for State Farm's alleged failure to pay what was owed under the terms of Plaintiff's insurance contract.[12] The Policy at issue for the reported date of loss is a Texas Homeowners Policy with coverage limits of $1,068,200 for the dwelling, $106,820 for other structures, $801,150 for personal property and the actual loss sustained for loss of use.

10.     In addition, Plaintiff seeks actual damages, statutory interest penalties and additional statutory damages for alleged knowing violations of the Insurance Code up to three times actual damages.[13] Plaintiff also seeks attorney fees for bringing this suit.[14] Thus, given the plain language of the pleading, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

11.     Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

---

[10]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).
[11] *See* Exhibit A, Plaintiff's Original Petition, ¶ 11.
[12] *See* Exhibit A, Plaintiff's Original Petition, ¶ 12.
[13] *See* Exhibit A, Plaintiff's Original Petition, ¶ 59 and § XI..
[14] *See* Exhibit A, Plaintiff's Original Petition, ¶ 65.

*The Removal is Procedurally Correct*

12.      State Farm was first served with Plaintiff's Original Petition in District Court on September 25, 2023.  Therefore, State Farm files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13.      Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

14.      Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15.      Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

16.      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 285th Judicial District Court for Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 285th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas – San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:     (210) 227-2200
Facsimile:      (210) 227-4602
dstephens@lsslaw.com
rramos@lsslaw.com

By:    _____
        David R. Stephens
        State Bar No. 19146100
        Roland D. Ramos
        State Bar No. 24096362

COUNSEL FOR DEFENDANT STATE FARM
LLOYDS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the __25th__ day of October, 2023, addressed to those who do not receive notice from the Clerk of the Court.

Perry J. Dominguez II
Naomi Lara
PERRY DOMINGUEZ LAW FIRM PLLC
2101 NW Military Highway
Castle Hills, Texas  78213
perry@pdattorney.com
naomi@pdattorney.com

_____
David R. Stephens / Roland D. Ramos

6